**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **CAROL COWAN**, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) |
| vs. | ) |
| | ) |
| **ALLIED INTERSTATE, INC.**, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### I.  INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

### II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

### III.  PARTIES

3. Plaintiff, Carol Cowan, is a natural person residing in Maricopa County.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant, Allied Interstate, Inc., is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

### IV. FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one hundred twenty days preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

   b) After having received a written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first having provided validation of the debt (§ 1692g(b)).

8. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

9. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. With respect to

these activities of Defendant, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages;

    D. Costs and reasonable attorney's fees; and,

    E. For such other and further relief as may be just and proper.

## COUNT II: COMMON LAW INVASION OF PRIVACY BY INTRUSION

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Actual damages

    B. Punitive Damages; and,

    C. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 31th day of October, 2008

By: <u>s/ Marshall Meyers</u>
    Marshall Meyers (020584)
    WEISBERG & MEYERS, LLC
    5025 North Central Ave., #602
    Phoenix, AZ 85012
    602 445 9819
    866 565 1327 facsimile
    mmeyers@AttorneysForConsumers.com
    Attorney for Plaintiff